**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **THERESA WYNDER**<br>116 Ritz Avenue<br>Reading, PA 19606<br><br>            Plaintiffs,<br><br>    v.<br><br>**WALT DISNEY PARKS & RESORTS U.S., INC.**<br>1375 Buena Vista Drive<br>Lake Buena Vista, FL 32820<br>and<br>**WALT DISNEY WORLD CO.**<br>1375 Buena Vista Drive<br>Lake Buena Vista, FL 32820<br>and<br>**JOHN DOE DEFENDANTS (1-50)**<br><br>            Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Walt Disney Parks and Resorts U.S., Inc. (formerly known as Walt Disney World Co.) ("Defendant"), subject to all of its defenses, including Rule 12 defenses, which are expressly reserved herein, remove this action and give notice of that removal from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.  As grounds for this removal, Defendant states:

1.     Defendant is named in the following civil action pending in the Court of Common Pleas of Philadelphia County: *Wynder v. Walt Disney Parks and Resorts US, Inc., et al.*, Case ID 240202193.

2.     This is a personal injury action brought by Plaintiff Theresa Wynder for damages for injuries that are alleged to have occurred on March 7, 2022.

1

3.      Plaintiff's Complaint was filed on February 20, 2024. The Complaint names as defendants: Walt Disney Parks and Resorts U.S., Inc.; Walt Disney World Co.; and John Doe Defendants (1-50). In March 2009, Walt Disney World Co. was renamed Walt Disney Parks and Resorts U.S., Inc. The two are not separate entities. Defendant was never properly served with Plaintiff's Complaint, but Defendant received a copy of Plaintiff's Complaint by mail on February 27, 2024.  This Notice of Removal is timely under 28 U.S.C. 1446(b) because it is filed within 30 days after Defendant received a copy of Plaintiff's Complaint, which is the first pleading or paper that establishes that this action is removable.

4.      True and correct copies of all process, pleadings, and orders received or obtained by Defendant in this case are attached hereto as Exhibit A.

5.      There is complete diversity of citizenship between Plaintiff and Defendant. Plaintiff is a citizen of the Commonwealth of Pennsylvania and Defendant is not a citizen of the Commonwealth of Pennsylvania.  Defendant is a Florida corporation with its principal place of business in Florida. The amount in controversy requirement in 28 U.S.C. § 1332 is satisfied as set forth more fully below.  This action, therefore, may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.  Venue is proper in this Court because the removed action is being removed from the Court of Common Pleas of Philadelphia County, which is located in the Eastern District of Pennsylvania.  Removal of this case to this Court shall not subject Defendant to jurisdiction in Pennsylvania or constitute a waiver by Defendant of its right to seek dismissal of this lawsuit.

6.      The amount in controversy with respect to Plaintiff's claims, without interest and costs, exceeds $75,000 as required by 28 U.S.C. § 1332.  Plaintiff alleges she slipped and fell and was permanently injured. (Ex. A., Compl., ¶¶ 24, 47.) She seeks compensatory damages for

her alleged injuries, which include a full thickness tear of the left supraspinatus, a torn left meniscus, radiculopathy, nerve damage, and injury to her left elbow. (*Id.* ¶¶ 44, 47.) Plaintiff alleges that, as a result of her injuries, she had to undergo a total knee replacement surgery and extensive physical therapy and that she may need additional surgery in the future. (*Id.* ¶¶ 43, 48.) She alleges she is unable to ambulate properly and has scarring. (*Id.* ¶ 44.) She also alleges that she has suffered a loss of life's pleasures and the ability to enjoy life. (*Id.* ¶ 50.)  She also alleges that she was/is unable to engage in her usual and customary daily activities and avocations and that she has a loss of function in her left arm, elbow, and knee. (*Id.*) She also seeks compensatory damages for her alleged pain, suffering, emotional distress, embarrassment, and humiliation. (*Id.* ¶¶ 44, 47.) She also seeks to recover for alleged economic losses, which include past and future medical bills and lost wages. (*Id.* ¶ 49.) For each Count in her Complaint, Plaintiff seeks in excess in excess of $50,000.[1] A reasonable reading of the value of the rights being litigated with respect to Plaintiff's claims confirms that she seeks an amount in excess of $75,000, exclusive of interest and costs, and that the amount in controversy requirement is therefore satisfied.

7.     John Doe Defendants (1-50) are fictitiously named defendants, nominal defendants, and fraudulently joined defendants who have not been served with process and whose existence should be ignored for purposes of determining whether subject matter jurisdiction exists and removal is proper.

8.     In accordance with 28 U.S.C. § 1446(d), all adverse parties are being provided with this written notice of removal, and a copy of this notice of removal is being filed with the Court of Common Pleas for Philadelphia County.

---

[1] Under Pennsylvania law, a plaintiff seeking unliquidated damages is barred from claiming a specific sum in her complaint. *See* Pa.R.C.P. 1021(b). In Pennsylvania state courts, cases in which the amount in controversy exceeds $50,000 are not subject to compulsory arbitration. See 42 Pa.C.S.A. § 7361.

9.     Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and removal of this action to this Court from the Court of Common Pleas of Philadelphia County is proper under 28 U.S.C. §§ 1441 and 1446.

Dated: March 18, 2024                    Respectfully Submitted,

/s/Frederick P. Marczyk
Frederick P. Marczyk
PA Attorney No. 89878
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757
E-mail: frederick.marczyk@faegredrinker.com

*Attorneys for Defendant Walt Disney Parks and Resorts U.S., Inc. (formerly known as Walt Disney World Co.)*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 18, 2024, a true and correct copy of the foregoing was sent via United States Mail, postage prepaid, and email to:

Gregory A. Smith, Esq.
Kevin M. Blake, Esq.
Smith Mirabella Blake, LLC
100 N. 20th Street, Suite 303
Philadelphia, PA 19103

*Counsel for Plaintiff*

/s/Frederick P. Marczyk
Frederick P. Marczyk

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

## Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**

## FEBRUARY 2024

E-Filing Number: 2402040725

02193

| | |
|---|---|
| PLAINTIFF'S NAME<br>THERESA WYNDER | DEFENDANT'S NAME<br>WALT DISNEY PARKS & RESORTS US INC. |
| PLAINTIFF'S ADDRESS<br>116 RITZ AVENUE<br>READING PA 19606 | DEFENDANT'S ADDRESS<br>1375 E. BUENA VISTA DRIVE<br>LAKE BUENA VISTA FL 32830 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>WALT DISNEY WORLD CO. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>1375 E. BUENA VISTA DRIVE<br>LAKE BUENA VISTA FL 32830 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>JOHN DOE (1-50) |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>JOHN DOE<br>PHILADELPHIA PA 19103 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED**
**PRO PROTHY**

FEB **20** 2024

**C. SMITH**

IS CASE SUBJECT TO
COORDINATION ORDER?
YES          NO

### TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: THERESA WYNDER

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>GREGORY A. SMITH | ADDRESS<br>SMITH MIRABELLA BLAKE<br>100 N 20TH ST |
|---|---|
| PHONE NUMBER<br>(215)422-4100 | FAX NUMBER<br>(215)422-4101 | SUITE 303<br>PHILADELPHIA PA 19103 |
| SUPREME COURT IDENTIFICATION NO.<br>84189 | E-MAIL ADDRESS<br>gsmith@smblawfirm.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>GREGORY SMITH | DATE SUBMITTED<br>Tuesday, February 20, 2024, 10:36 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**SMITH MIRABELLA BLAKE**
GREGORY A. SMITH, ESQUIRE
KEVIN M. BLAKE, ESQUIRE,
Attorney ID#s: 84189/77979
100 N. 20th Street, Suite 303
Philadelphia, PA 19103
(215) 422-4100



Filed and Attested by the
Office of Judicial Records
20 FEB 2024 10:36 am
C. SMITH

Attorneys for Plaintiff

| | |
|---|---|
| **THERESA WYNDER**<br>116 Ritz Avenue<br>Reading PA 19606<br><br>                        Plaintiff<br><br>    vs.<br><br>**WALT DISNEY PARKS & RESORTS US INC**<br>1375 E. Buena Vista Drive<br>Lake Buena Vista FL  32830<br>and<br>**WALT DISNEY WORLD CO.**<br>1375 E. Buena Vista Drive<br>Lake Buena Vista FL  32830<br>and<br>**JOHN DOE DEFENDANTS (1-50)** | IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY<br><br>FEBRUARY TERM, 2023<br><br>NO:<br><br>**JURY TRIAL DEMANDED** |

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and Notice are served, by entering a written appearance personally or by attorney, and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WIT LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**PHILADELPHIA BAR ASSOCIATION**
LAWYER REFERRAL AND INFORMATION SERVICES
One Reading Center
Philadelphia, PA 19107

**AVISO**

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notiicacion para entablar personalmente o por un abogado una compariecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO

LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.

ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE ARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS

**(215) 238-6333**
<u>H INFORMATION ABOUT AGENCIES THAT MAY OFFER</u>

<u>PARA UN HONORARIO REDUCIDO O SIN NUNGUN</u>
<u>HONORARIO.</u>

**ASSOCIACION DE LICENCIADOS DE FILADELFIA**
SERVICIO DE REFERENCIA E INFORMACION LEGAL.
(215) 238-6333

Case ID: 24020219

**SMITH MIRABELLA BLAKE**
GREGORY A. SMITH, ESQUIRE
KEVIN M. BLAKE, ESQUIRE,
Attorney ID#s: 84189/77979
100 N. 20th Street, Suite 303
Philadelphia, PA 19103
(215) 422-4100                                                    Attorneys for Plaintiff

| | |
|---|---|
| **THERESA WYNDER**<br>116 Ritz Avenue<br>Reading PA 19606<br><br>                              Plaintiff<br><br>        vs.<br><br>**WALT DISNEY PARKS & RESORTS US INC**<br>1375 E. Buena Vista Drive<br>Lake Buena Vista FL  32830<br>and<br>**WALT DISNEY WORLD CO.**<br>1375 E. Buena Vista Drive<br>Lake Buena Vista FL  32830<br>and<br>**JOHN DOE DEFENDANTS (1-50)** | IN THE COURT OF COMMON PLEAS<br>OF PHILADELPHIA COUNTY<br><br>FEBRUARY TERM, 2023<br><br>NO:<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

1.   Plaintiff Theresa Wynder is an adult individual and citizen of the Commonwealth of

Pennsylvania residing at 116 Ritz Avenue, Reading PA  19606.

2.   Defendant Walt Disney Parks & Resorts US Inc. ("WDPRUI") is, on information

and belief, a corporation or other entity existing under and by virtue of the laws of

the State of Florida with a principal place of business located at 1375 E. Buena

Vista Drive, 4th Floor North, Lake Buena Vista FL, 32830.

Case ID: 24020219

3.   Defendant Walt Disney World Co. ("WDW") is, on information and belief, a corporation or other entity existing under and by virtue of the laws of the State of Florida with a principal place of business located at 1375 E. Buena Vista Drive, 4th Floor North, Lake Buena Vista FL, 32830.

4.   John Doe Defendants (1-50) are entities and/or individuals who own, maintain, and/or control Walt Disney World, whose identities are neither known or knowable including, but not limited to, the entities/individuals responsible for treatment, inspection of the premises, and/or property management and/or maintenance.

5.   At all times material hereto, Defendant WDPRUI acted and/or failed to act by and through its duly authorized agents, servants, workman, and employees, including, but not limited to, the entities/individuals responsible for treatment, inspection of the premises, and/or property management and/or maintenance at Walt Disney World.

6.   At all times material hereto, Defendant WDW acted and/or failed to act by and through its duly authorized agents, servants, workman, and employees, including, but not limited to, the entities/individuals responsible for treatment, inspection of the premises, and/or property management and/or maintenance at Walt Disney World.

7.   At all times material hereto, John Doe Defendants 1-50 acted and/or failed to act by and through its duly authorized agents, servants, workman, and employees, including, but not limited to, the entities/individuals responsible for treatment, inspection of the premises, and/or property management and/or maintenance at Walt Disney World.

8.      At all times material hereto, Defendant WDPRUI owned, maintained and/or controlled Walt Disney World Resort including, but not limited to, the specific restaurant named the World Premier Food Court where Therea Wynder fell and was injured on or about March 7, 2022.

9.      At all times material hereto, Defendant WDW owned, maintained and/or controlled Walt Disney World Resort including, but not limited to, the specific restaurant named the World Premier Food Court where Therea Wynder fell and was injured on or about March 7, 2022.

10.     At all times material hereto, John Doe Defendants 1-50 owned, maintained and/or controlled Walt Disney World Resort including, but not limited to, the specific restaurant named the World Premier Food Court where Therea Wynder fell and was injured on or about March 7, 2022.

11.     At all times material hereto, Defendant WDPRUI was responsible for inspecting, warning of hazardous conditions, and making sure the walkways and floors at the World Premier Food Court were free from hazards including, but not limited to, fluid on the floor.

12.     At all times material hereto, Defendant WDW was responsible for inspecting, warning of hazardous conditions, and making sure the walkways and floors at the World Premier Food Court were free from hazards including, but not limited to, fluid on the floor.

13.     At all times material hereto, John Doe Defendants 1-50 were responsible for inspecting, warning of hazardous conditions, and making sure the walkways and

floors at the World Premier Food Court were free from hazards including, but not limited to, fluid on the floor.

14.     At all times material hereto, Defendant WDPRUI knew or should have known that there was water/fluid on the floor of the commercial premises canned the World Premier Food Court that caused Ms. Winder to fall and become injured on March 7, 2022.

15.     At all times material hereto, Defendant WDW knew or should have known that there was water/fluid on the floor of the commercial premises canned the World Premier Food Court that caused Ms. Winder to fall and become injured on March 7, 2022.

16.     At all times material hereto, John Doe Defendants 1-50 knew or should have known that there was water/fluid on the floor of the commercial premises canned the World Premier Food Court that caused Ms. Winder to fall and become injured on March 7, 2022.

17.     At all times material hereto, defendant WDPRUI regularly conducted business in the City and County of Philadelphia.

18.     At all times material hereto, defendant WDW regularly conducted business in the City and County of Philadelphia.

19.     On or about March 7, 2022, Plaintiff Theresa Wynder was a business invitee of defendants at Walt Disney World, staying at the Disney All Star Movies Resort.

20.     Ms. Wynder was a sixty-seven (67) year old lady with a past medical history significant for cervical fusion.

21.  On that date, Ms. Wynder entered the World Premier Food Court restaurant located in the Disney All Star Movies Resort at Disney's Animal Kingdom Resort area.

22.  There were no floor mats, and no wet floor signs.

23.  The World Premier Food Court was/is located close to the Silver Screen Spirits Pool Bar, the Fantasia Pool and Kiddie Pool.

24.  Ms. Wynder slipped and fell on fluid/water on the floor, in an area business invitees were supposed to walk, slid into a condiment stand, fell and landed on her left side.

25.  Ms. Wynder neither knew nor should have known that the fluid/water was on the floor.

26.  Ms. Wynder was helped up by some other guests, and the restaurant manager came over and called emergency response personnel.

27.  While she was waiting for emergency personnel to arrive, Ms. Wynder saw another lady slip on fluid/water on the floor in the same area that Ms. Wynder slipped and fell.

28.  After she saw that, Ms. Wynder said to the restaurant manager, who was still next to her, that he should wipe up the water and put a "wet floor" sign out.

29.  The manager agreed, and went to wipe up the water himself, and another Disney employee put out a "wet floor" sign.

30.  Ms. Wynder went for medical care at Advent Health Urgent Care in Orlando following her fall, where she reported left sided injuries, and was consequently injected with a painkiller.

31.   Ms. Wynder came under the care of Commonwealth Orthopedic Associates on
      March 21, 2022, after she returned to Pennsylvania.

32.   Ms. Wynder reported aching shooting pain in her left shoulder, paresthesia in the
      fingers of her left hand, as well as pain in her left elbow and left knee.

33.   The orthopedist gave Ms. Wynder a prescription for physical therapy and a
      shoulder MRI.

34.   Ms. Wynder returned to Commonwealth Orthopedics on March 28, 2022, at which
      time she reported continuing radiculopathy, including numbness and tingling.

35.   The MRI revealed a full thickness tear of the left supraspinatus.

36.   Ms. Wynder underwent a left subacromial shoulder injection, and was told that she
      would be referred to a neurosurgeon to evaluate her cervical radiculopathy.

37.   Ms. Wynder returned to Commonwealth Orthopedics on April 25, 2022, at which
      time she reported continuing radiculopathy, pain in her shoulder and left elbow, and
      increasing left knee pain.

38.   Ms. Wynder underwent a left knee injection on that date.

39.   Ms. Wynder returned to Commonwealth Orthopedics on May 23, 2022, at which
      time she reported that her left shoulder was improving with physician therapy but
      her left knee was worse.

40.   Ms. Wynder was advised to obtain an MRI of her left knee.

41.   The left knee MRI revealed a medial meniscal tear, with significant bone edema,
      which the orthopedist felt would only make Ms. Wynder a candidate for a total
      knee arthroplasty, rather than an arthroscopy.

42.     On June 9, 2022, Ms. Wynder was seen by John P. Stelmach M.D. at
        Commonwealth Orthopedics, who recommended that she undergo a left total knee
        replacement.

43.     Ms. Wynder underwent a left total knee replacement on July 8, 2022 at the Surgical
        Institute of Reading.

44.     As a direct and proximate result of the negligence, carelessness, and/or recklessness
        of Defendants, Ms. Wynder suffered injuries that include but not limited to, pain,
        suffering, emotional distress, a full thickness tear of the left supraspinatus, a torn
        left medial meniscus, radiculopathy, nerve damage, injury to her left elbow, a total
        left knee arthroplasty, the inability to ambulate properly, scarring, embarrassment
        and humiliation, some or all of which may be permanent in nature, to her great
        detriment and loss.


## COUNT I

### THERESA WYNDER v. WALT DISNEY PARKS & RESORTS US INC.

45.     The preceding paragraphs are incorporated by reference as if fully set forth herein.

46.     The negligence, carelessness, and/or recklessness of Defendants, individually and by
        and through their duly authorized agents, servants, employees, owners, officers
        and/or workmen, includes the following:

        a.      Failure to exercise reasonable care;

        b.      Failure to properly inspect the premises;

        c.      Failing to remove the liquid on the floor;

d.      Maintaining a dangerous condition;

e.      Causing injury to Ms. Wynder;

f.      Failing to put out mats;

g.      Failing to recognize a hazardous condition;

h.      Failing to put out appropriate signage;

i.      Failing to retain only competent personnel;

j.      Failing to maintain sufficient manpower to appropriately oversee the premises.

k.      Creating a defective condition;

l.      Failing to appropriately maintain the premises;

m.      Failing to comply with any and all applicable rules, guidelines and/or regulations pertaining to maintenance of the premises;

n.      Permitting a hazardous condition to exist;

o.      Failing to properly monitor the premises;

p.      Failing to cordon off and/or block the hazardous condition;

q.      Failing to advise appropriate personnel that the premises was defective;

r.      Failing to have policies and/or procedures in place that would ensure the walking surface where Ms. Wynder fell was safe for pedestrians;

s.      Failing to comply with the policies and/or procedures in place that would have ensured the walking surface where Ms. Wynder fell was safe for pedestrians;

t.      Failing to maintain a safe walking surface in compliance with the standards set forth in the ASTM;

u.      Failing to warn pedestrians including Ms. Wynder about the hazardous walking surface/walking area; and

v.      Failing to comply with state and federal laws regarding safe walkways including, but not limited to, the Americans with Disabilities Act.

47.   As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Ms. Wynder suffered injuries that include but not limited to, pain, suffering, emotional distress, a full thickness tear of the left supraspinatus, a torn left medial meniscus, radiculopathy, nerve damage, injury to her left elbow, a total left knee arthroplasty, the inability to ambulate properly, scarring, embarrassment and humiliation, some or all of which may be permanent in nature, to her great detriment and loss.

48.   As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Ms. Wynder underwent painful medical care including surgery, extensive physical therapy and may need surgery in the future, to her great detriment and loss.

49.   As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Ms. Wynder suffered economic losses in the nature of medical bills in the past and may need additional medical care in the future, as well as past wage loss and the potential for future wage loss, to her great detriment and loss.

50.   As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Ms. Wynder suffered a loss of life's pleasures and the loss of the ability to enjoy life, was/is unable to engage in her usual and customary daily activities and avocations, loss of function in her left arm, elbow and knee, as well as humiliation and scarring from the surgery, to her great detriment and loss.

WHEREFORE Plaintiff demands judgment in her favor and against Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages, attorney fees, and any other relief to which Plaintiffs are entitled under the law.

## COUNT II

### THERESA WYNDER v. WALT DISNEY WORLD

51.     The preceding paragraphs are incorporated by reference as if fully set forth herein.

52.     The negligence, carelessness, and/or recklessness of Defendants, individually and by and through their duly authorized agents, servants, employees, owners, officers and/or workmen, includes the following:

a.      Failure to exercise reasonable care;

b.      Failure to properly inspect the premises;

c.      Failing to remove the liquid on the floor;

d.      Maintaining a dangerous condition;

e.      Causing injury to Ms. Wynder;

f.      Failing to put out mats;

g.      Failing to recognize a hazardous condition;

h.      Failing to put out appropriate signage;

ii.     Failing to retain only competent personnel;

j.      Failing to maintain sufficient manpower to appropriately oversee the premises.

k.      Creating a defective condition;

l.      Failing to appropriately maintain the premises;

Case ID: 24020219

m.      Failing to comply with any and all applicable rules, guidelines and/or regulations pertaining to maintenance of the premises;

n.      Permitting a hazardous condition to exist;

o.      Failing to properly monitor the premises;

p.      Failing to cordon off and/or block the hazardous condition;

q.      Failing to advise appropriate personnel that the premises was defective;

r.      Failing to have policies and/or procedures in place that would ensure the walking surface where Ms. Wynder fell was safe for pedestrians;

s.      Failing to comply with the policies and/or procedures in place that would have ensured the walking surface where Ms. Wynder fell was safe for pedestrians;

t.      Failing to maintain a safe walking surface in compliance with the standards set forth in the ASTM;

u.      Failing to warn pedestrians including Ms. Wynder about the hazardous walking surface/walking area; and

v.      Failing to comply with state and federal laws regarding safe walkways including, but not limited to, the Americans with Disabilities Act.

53.   As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Ms. Wynder suffered injuries that include but not limited to, pain, suffering, emotional distress, a full thickness tear of the left supraspinatus, a torn left medial meniscus, radiculopathy, nerve damage, injury to her left elbow, a total left knee arthroplasty, the inability to ambulate properly, scarring, embarrassment and humiliation, some or all of which may be permanent in nature, to her great detriment and loss.

54.   As a direct and proximate result of the negligence, carelessness, and/or recklessness

of Defendants, Ms. Wynder underwent painful medical care including surgery, extensive physical therapy and may need surgery in the future, to her great detriment and loss.

55. As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Ms. Wynder suffered economic losses in the nature of medical bills in the past and may need additional medical care in the future, as well as past wage loss and the potential for future wage loss, to her great detriment and loss.

56. As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Ms. Wynder suffered a loss of life's pleasures and the loss of the ability to enjoy life, was/is unable to engage in her usual and customary daily activities and avocations, loss of function in her left arm, elbow and knee, as well as humiliation and scarring from the surgery, to her great detriment and loss.

WHEREFORE Plaintiff demands judgment in her favor and against Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages, attorney fees, and any other relief to which Plaintiffs are entitled under the law.

## COUNT III

### THERESA WYNDER v. JOHN DOE DEFENDANTS 1-50

57. The preceding paragraphs are incorporated by reference as if fully set forth herein.

58. The negligence, carelessness, and/or recklessness of Defendants, individually and by and through their duly authorized agents, servants, employees, owners, officers and/or workmen, includes the following:

Case ID: 24020219

a.   Failure to exercise reasonable care;

b.   Failure to properly inspect the premises;

c.   Failing to remove the liquid on the floor;

d.   Maintaining a dangerous condition;

e.   Causing injury to Ms. Wynder;

f.   Failing to put out mats;

g.   Failing to recognize a hazardous condition;

h.   Failing to put out appropriate signage;

i.   Failing to retain only competent personnel;

j.   Failing to maintain sufficient manpower to appropriately oversee the premises.

k.   Creating a defective condition;

l.   Failing to appropriately maintain the premises;

m.   Failing to comply with any and all applicable rules, guidelines and/or regulations pertaining to maintenance of the premises;

n.   Permitting a hazardous condition to exist;

o.   Failing to properly monitor the premises;

p.   Failing to cordon off and/or block the hazardous condition;

q.   Failing to advise appropriate personnel that the premises was defective;

r.   Failing to have policies and/or procedures in place that would ensure the walking surface where Ms. Wynder fell was safe for pedestrians;

s.   Failing to comply with the policies and/or procedures in place that would have ensured the walking surface where Ms. Wynder fell was safe for pedestrians;

t.   Failing to maintain a safe walking surface in compliance with the standards set forth in the ASTM;

Case ID: 24020219

u.      Failing to warn pedestrians including Ms. Wynder about the hazardous
        walking surface/walking area; and

v.      Failing to comply with state and federal laws regarding safe walkways
        including, but not limited to, the Americans with Disabilities Act.

55.     As a direct and proximate result of the negligence, carelessness, and/or recklessness
        of Defendants, Ms. Wynder suffered injuries that include but not limited to, pain,
        suffering, emotional distress, a full thickness tear of the left supraspinatus, a torn
        left medial meniscus, radiculopathy, nerve damage, injury to her left elbow, a total
        left knee arthroplasty, the inability to ambulate properly, scarring, embarrassment
        and humiliation, some or all of which may be permanent in nature, to her great
        detriment and loss.

56.     As a direct and proximate result of the negligence, carelessness, and/or recklessness
        of Defendants, Ms. Wynder underwent painful medical care including surgery,
        extensive physical therapy and may need surgery in the future, to her great detriment
        and loss.

57.     As a direct and proximate result of the negligence, carelessness, and/or recklessness
        of Defendants, Ms. Wynder suffered economic losses in the nature of medical bills
        in the past and may need additional medical care in the future, as well as past wage
        loss and the potential for future wage loss, to her great detriment and loss.

58.     As a direct and proximate result of the negligence, carelessness, and/or recklessness
        of Defendants, Ms. Wynder suffered a loss of life's pleasures and the loss of the
        ability to enjoy life, was/is unable to engage in her usual and customary daily

activities and avocations, loss of function in her left arm, elbow and knee, as well as humiliation and scarring from the surgery, to her great detriment and loss.

WHEREFORE Plaintiff demands judgment in her favor and against Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages, attorney fees, and any other relief to which Plaintiffs are entitled under the law.

Respectfully submitted,

SMITH MIRABELLA BLAKE

*/s/ Gregory A. Smith*

BY:  _____

GREGORY A. SMITH, ESQUIRE
KEVIN M. BLAKE, ESQUIRE
Attorneys for Plaintiff

DATE: February 20, 2024

## VERIFICATION

I, Theresa Wynder, hereby verify that I am the Plaintiff in this matter, and that the facts set forth in this Complaint are true and correct to my knowledge, information, and belief. I understand that this Verification is subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_Theresa Wynder_
THERESA WYNDER

DATE: 2/19/24

Court of Common Pleas of Philadelphia County
Trial Division

## Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **FEBRUARY 2024** |
| E-Filing Number: 2402040725 |

**02193**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| THERESA WYNDER | WALT DISNEY PARKS & RESORTS US INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 116 RITZ AVENUE<br>READING PA 19606 | 1375 E. BUENA VISTA DRIVE<br>LAKE BUENA VISTA FL 32830 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | WALT DISNEY WORLD CO. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 1375 E. BUENA VISTA DRIVE<br>LAKE BUENA VISTA FL 32830 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | JOHN DOE (1-50) |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | JOHN DOE<br>PHILADELPHIA PA 19103 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 3 | ☒ Complaint<br>☐ Writ of Summons | ☐ Petition Action<br>☐ Transfer From Other Jurisdictions | ☐ Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2S - PREMISES LIABILITY, SLIP/FALL |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO<br>COORDINATION ORDER? |
|---|---|---|
| | **FILED**<br>**PRO PROTHY**<br><br>FEB 20 2024<br><br>**C. SMITH** | YES      NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: THERESA WYNDER

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| GREGORY A. SMITH | SMITH MIRABELLA BLAKE<br>100 N 20TH ST |
| PHONE NUMBER | FAX NUMBER | SUITE 303 |
| (215)422-4100 | (215)422-4101 | PHILADELPHIA PA 19103 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 84189 | gsmith@smblawfirm.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| GREGORY SMITH | Tuesday, February 20, 2024, 10:36 am |

**SMITH MIRABELLA BLAKE**
GREGORY A. SMITH, ESQUIRE
KEVIN M. BLAKE, ESQUIRE,
Attorney ID#s: 84189/77979
100 N. 20ᵗʰ Street, Suite 303
Philadelphia, PA 19103
(215) 422-4100



*Filed and Attested by the
Office of Judicial Records
20 FEB 2024 10:36 am
C. SMITH*

Attorneys for Plaintiff

| | |
|---|---|
| **THERESA WYNDER**<br>116 Ritz Avenue<br>Reading PA 19606<br><br>                    Plaintiff<br><br>       vs.<br><br>**WALT DISNEY PARKS & RESORTS US INC**<br>1375 E. Buena Vista Drive<br>Lake Buena Vista FL  32830<br>and<br>**WALT DISNEY WORLD CO.**<br>1375 E. Buena Vista Drive<br>Lake Buena Vista FL  32830<br>and<br>**JOHN DOE DEFENDANTS (1-50)** | IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY<br><br>FEBRUARY TERM, 2023<br><br>NO:<br><br>**JURY TRIAL DEMANDED** |

<table>
<tr><th>NOTICE</th><th>AVISO</th></tr>
<tr><td>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and Notice are served, by entering a written appearance personally or by attorney, and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WIT LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**PHILADELPHIA BAR ASSOCIATION**
LAWYER REFERRAL AND INFORMATION SERVICES
One Reading Center
Philadelphia, PA 19107

</td><td>

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notiicacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO

LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.

ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE ARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS

</td></tr>
</table>

Case ID: 24020219

**(215) 238-6333**
H INFORMATION ABOUT AGENCIES THAT MAY OFFER

PARA UN HONORARIO REDUCIDO O SIN NUNGUN
HONORARIO.

**ASSOCIACION DE LICENCIADOS DE FILADELFIA**
SERVICIO DE REFERENCIA E INFORMACION LEGAL.
(215) 238-6333

**SMITH MIRABELLA BLAKE**
GREGORY A. SMITH, ESQUIRE
KEVIN M. BLAKE, ESQUIRE,
Attorney ID#s: 84189/77979
100 N. 20ᵗʰ Street, Suite 303
Philadelphia, PA 19103
(215) 422-4100                                    Attorneys for Plaintiff

| | |
|---|---|
| **THERESA WYNDER**<br>116 Ritz Avenue<br>Reading PA 19606<br><br>                     Plaintiff<br><br>     vs.<br><br>**WALT DISNEY PARKS & RESORTS US INC**<br>1375 E. Buena Vista Drive<br>Lake Buena Vista FL  32830<br>and<br>**WALT DISNEY WORLD CO.**<br>1375 E. Buena Vista Drive<br>Lake Buena Vista FL  32830<br>and<br>**JOHN DOE DEFENDANTS (1-50)** | IN THE COURT OF COMMON PLEAS<br>OF PHILADELPHIA COUNTY<br><br>FEBRUARY TERM, 2023<br><br>NO:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

1.    Plaintiff Theresa Wynder is an adult individual and citizen of the Commonwealth of

Pennsylvania residing at 116 Ritz Avenue, Reading PA  19606.

2.    Defendant Walt Disney Parks & Resorts US Inc. ("WDPRUI") is, on information

and belief, a corporation or other entity existing under and by virtue of the laws of

the State of Florida with a principal place of business located at 1375 E. Buena

Vista Drive, 4ᵗʰ Floor North, Lake Buena Vista FL, 32830.

Case ID: 24020219

3.     Defendant Walt Disney World Co. ("WDW") is, on information and belief, a
       corporation or other entity existing under and by virtue of the laws of the State of
       Florida with a principal place of business located at 1375 E. Buena Vista Drive, 4th
       Floor North, Lake Buena Vista FL, 32830.

4.     John Doe Defendants (1-50) are entities and/or individuals who own, maintain,
       and/or control Walt Disney World, whose identities are neither known or knowable
       including, but not limited to, the entities/individuals responsible for treatment,
       inspection of the premises, and/or property management and/or maintenance.

5.     At all times material hereto, Defendant WDPRUI acted and/or failed to act by and
       through its duly authorized agents, servants, workman, and employees, including, but
       not limited to, the entities/individuals responsible for treatment, inspection of the
       premises, and/or property management and/or maintenance at Walt Disney World.

6.     At all times material hereto, Defendant WDW acted and/or failed to act by and
       through its duly authorized agents, servants, workman, and employees, including, but
       not limited to, the entities/individuals responsible for treatment, inspection of the
       premises, and/or property management and/or maintenance at Walt Disney World.

7.     At all times material hereto, John Doe Defendants 1-50 acted and/or failed to act by
       and through its duly authorized agents, servants, workman, and employees,
       including, but not limited to, the entities/individuals responsible for treatment,
       inspection of the premises, and/or property management and/or maintenance at Walt
       Disney World.

8.    At all times material hereto, Defendant WDPRUI owned, maintained and/or controlled Walt Disney World Resort including, but not limited to, the specific restaurant named the World Premier Food Court where Therea Wynder fell and was injured on or about March 7, 2022.

9.    At all times material hereto, Defendant WDW owned, maintained and/or controlled Walt Disney World Resort including, but not limited to, the specific restaurant named the World Premier Food Court where Therea Wynder fell and was injured on or about March 7, 2022.

10.   At all times material hereto, John Doe Defendants 1-50 owned, maintained and/or controlled Walt Disney World Resort including, but not limited to, the specific restaurant named the World Premier Food Court where Therea Wynder fell and was injured on or about March 7, 2022.

11.   At all times material hereto, Defendant WDPRUI was responsible for inspecting, warning of hazardous conditions, and making sure the walkways and floors at the World Premier Food Court were free from hazards including, but not limited to, fluid on the floor.

12.   At all times material hereto, Defendant WDW was responsible for inspecting, warning of hazardous conditions, and making sure the walkways and floors at the World Premier Food Court were free from hazards including, but not limited to, fluid on the floor.

13.   At all times material hereto, John Doe Defendants 1-50 were responsible for inspecting, warning of hazardous conditions, and making sure the walkways and

floors at the World Premier Food Court were free from hazards including, but not limited to, fluid on the floor.

14.     At all times material hereto, Defendant WDPRUI knew or should have known that there was water/fluid on the floor of the commercial premises canned the World Premier Food Court that caused Ms. Winder to fall and become injured on March 7, 2022.

15.     At all times material hereto, Defendant WDW knew or should have known that there was water/fluid on the floor of the commercial premises canned the World Premier Food Court that caused Ms. Winder to fall and become injured on March 7, 2022.

16.     At all times material hereto, John Doe Defendants 1-50 knew or should have known that there was water/fluid on the floor of the commercial premises canned the World Premier Food Court that caused Ms. Winder to fall and become injured on March 7, 2022.

17.     At all times material hereto, defendant WDPRUI regularly conducted business in the City and County of Philadelphia.

18.     At all times material hereto, defendant WDW regularly conducted business in the City and County of Philadelphia.

19.     On or about March 7, 2022, Plaintiff Theresa Wynder was a business invitee of defendants at Walt Disney World, staying at the Disney All Star Movies Resort.

20.     Ms. Wynder was a sixty-seven (67) year old lady with a past medical history significant for cervical fusion.

21.     On that date, Ms. Wynder entered the World Premier Food Court restaurant located

        in the Disney All Star Movies Resort at Disney's Animal Kingdom Resort area.

22.     There were no floor mats, and no wet floor signs.

23.     The World Premier Food Court was/is located close to the Silver Screen Spirits

        Pool Bar, the Fantasia Pool and Kiddie Pool.

24.     Ms. Wynder slipped and fell on fluid/water on the floor, in an area business invitees

        were supposed to walk, slid into a condiment stand, fell and landed on her left side.

25.     Ms. Wynder neither knew nor should have known that the fluid/water was on the

        floor.

26.     Ms. Wynder was helped up by some other guests, and the restaurant manager came

        over and called emergency response personnel.

27.     While she was waiting for emergency personnel to arrive, Ms. Wynder saw another

        lady slip on fluid/water on the floor in the same area that Ms. Wynder slipped and

        fell.

28.     After she saw that, Ms. Wynder said to the restaurant manager, who was still next

        to her, that he should wipe up the water and put a "wet floor" sign out.

29.     The manager agreed, and went to wipe up the water himself, and another Disney

        employee put out a "wet floor" sign.

30.     Ms. Wynder went for medical care at Advent Health Urgent Care in Orlando

        following her fall, where she reported left sided injuries, and was consequently

        injected with a painkiller.

31. Ms. Wynder came under the care of Commonwealth Orthopedic Associates on March 21, 2022, after she returned to Pennsylvania.

32. Ms. Wynder reported aching shooting pain in her left shoulder, paresthesia in the fingers of her left hand, as well as pain in her left elbow and left knee.

33. The orthopedist gave Ms. Wynder a prescription for physical therapy and a shoulder MRI.

34. Ms. Wynder returned to Commonwealth Orthopedics on March 28, 2022, at which time she reported continuing radiculopathy, including numbness and tingling.

35. The MRI revealed a full thickness tear of the left supraspinatus.

36. Ms. Wynder underwent a left subacromial shoulder injection, and was told that she would be referred to a neurosurgeon to evaluate her cervical radiculopathy.

37. Ms. Wynder returned to Commonwealth Orthopedics on April 25, 2022, at which time she reported continuing radiculopathy, pain in her shoulder and left elbow, and increasing left knee pain.

38. Ms. Wynder underwent a left knee injection on that date.

39. Ms. Wynder returned to Commonwealth Orthopedics on May 23, 2022, at which time she reported that her left shoulder was improving with physician therapy but her left knee was worse.

40. Ms. Wynder was advised to obtain an MRI of her left knee.

41. The left knee MRI revealed a medial meniscal tear, with significant bone edema, which the orthopedist felt would only make Ms. Wynder a candidate for a total knee arthroplasty, rather than an arthroscopy.

42.  On June 9, 2022, Ms. Wynder was seen by John P. Stelmach M.D. at
     Commonwealth Orthopedics, who recommended that she undergo a left total knee
     replacement.

43.  Ms. Wynder underwent a left total knee replacement on July 8, 2022 at the Surgical
     Institute of Reading.

44.  As a direct and proximate result of the negligence, carelessness, and/or recklessness
     of Defendants, Ms. Wynder suffered injuries that include but not limited to, pain,
     suffering, emotional distress, a full thickness tear of the left supraspinatus, a torn
     left medial meniscus, radiculopathy, nerve damage, injury to her left elbow, a total
     left knee arthroplasty, the inability to ambulate properly, scarring, embarrassment
     and humiliation, some or all of which may be permanent in nature, to her great
     detriment and loss.

### COUNT I

**THERESA WYNDER v. WALT DISNEY PARKS & RESORTS US INC.**

45.  The preceding paragraphs are incorporated by reference as if fully set forth herein.

46.  The negligence, carelessness, and/or recklessness of Defendants, individually and by
     and through their duly authorized agents, servants, employees, owners, officers
     and/or workmen, includes the following:

     a.   Failure to exercise reasonable care;

     b.   Failure to properly inspect the premises;

     c.   Failing to remove the liquid on the floor;

d.      Maintaining a dangerous condition;

e.      Causing injury to Ms. Wynder;

f.      Failing to put out mats;

g.      Failing to recognize a hazardous condition;

h.      Failing to put out appropriate signage;

i.      Failing to retain only competent personnel;

j.      Failing to maintain sufficient manpower to appropriately oversee the premises.

k.      Creating a defective condition;

l.      Failing to appropriately maintain the premises;

m.      Failing to comply with any and all applicable rules, guidelines and/or regulations pertaining to maintenance of the premises;

n.      Permitting a hazardous condition to exist;

o.      Failing to properly monitor the premises;

p.      Failing to cordon off and/or block the hazardous condition;

q.      Failing to advise appropriate personnel that the premises was defective;

r.      Failing to have policies and/or procedures in place that would ensure the walking surface where Ms. Wynder fell was safe for pedestrians;

s.      Failing to comply with the policies and/or procedures in place that would have ensured the walking surface where Ms. Wynder fell was safe for pedestrians;

t.      Failing to maintain a safe walking surface in compliance with the standards set forth in the ASTM;

u.      Failing to warn pedestrians including Ms. Wynder about the hazardous walking surface/walking area; and

v.      Failing to comply with state and federal laws regarding safe walkways including, but not limited to, the Americans with Disabilities Act.

47.   As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Ms. Wynder suffered injuries that include but not limited to, pain, suffering, emotional distress, a full thickness tear of the left supraspinatus, a torn left medial meniscus, radiculopathy, nerve damage, injury to her left elbow, a total left knee arthroplasty, the inability to ambulate properly, scarring, embarrassment and humiliation, some or all of which may be permanent in nature, to her great detriment and loss.

48.   As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Ms. Wynder underwent painful medical care including surgery, extensive physical therapy and may need surgery in the future, to her great detriment and loss.

49.   As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Ms. Wynder suffered economic losses in the nature of medical bills in the past and may need additional medical care in the future, as well as past wage loss and the potential for future wage loss, to her great detriment and loss.

50.   As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Ms. Wynder suffered a loss of life's pleasures and the loss of the ability to enjoy life, was/is unable to engage in her usual and customary daily activities and avocations, loss of function in her left arm, elbow and knee, as well as humiliation and scarring from the surgery, to her great detriment and loss.

WHEREFORE Plaintiff demands judgment in her favor and against Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages, attorney fees, and any other relief to which Plaintiffs are entitled under the law.

## COUNT II

### THERESA WYNDER v. WALT DISNEY WORLD

51.     The preceding paragraphs are incorporated by reference as if fully set forth herein.

52.     The negligence, carelessness, and/or recklessness of Defendants, individually and by and through their duly authorized agents, servants, employees, owners, officers and/or workmen, includes the following:

   a.     Failure to exercise reasonable care;

   b.     Failure to properly inspect the premises;

   c.     Failing to remove the liquid on the floor;

   d.     Maintaining a dangerous condition;

   e.     Causing injury to Ms. Wynder;

   f.     Failing to put out mats;

   g.     Failing to recognize a hazardous condition;

   h.     Failing to put out appropriate signage;

   ii.     Failing to retain only competent personnel;

   j.     Failing to maintain sufficient manpower to appropriately oversee the premises.

   k.     Creating a defective condition;

   l.     Failing to appropriately maintain the premises;

m.      Failing to comply with any and all applicable rules, guidelines and/or regulations pertaining to maintenance of the premises;

n.      Permitting a hazardous condition to exist;

o.      Failing to properly monitor the premises;

p.      Failing to cordon off and/or block the hazardous condition;

q.      Failing to advise appropriate personnel that the premises was defective;

r.      Failing to have policies and/or procedures in place that would ensure the walking surface where Ms. Wynder fell was safe for pedestrians;

s.      Failing to comply with the policies and/or procedures in place that would have ensured the walking surface where Ms. Wynder fell was safe for pedestrians;

t.      Failing to maintain a safe walking surface in compliance with the standards set forth in the ASTM;

u.      Failing to warn pedestrians including Ms. Wynder about the hazardous walking surface/walking area; and

v.      Failing to comply with state and federal laws regarding safe walkways including, but not limited to, the Americans with Disabilities Act.

53.    As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Ms. Wynder suffered injuries that include but not limited to, pain, suffering, emotional distress, a full thickness tear of the left supraspinatus, a torn left medial meniscus, radiculopathy, nerve damage, injury to her left elbow, a total left knee arthroplasty, the inability to ambulate properly, scarring, embarrassment and humiliation, some or all of which may be permanent in nature, to her great detriment and loss.

54.    As a direct and proximate result of the negligence, carelessness, and/or recklessness

of Defendants, Ms. Wynder underwent painful medical care including surgery, extensive physical therapy and may need surgery in the future, to her great detriment and loss.

55.   As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Ms. Wynder suffered economic losses in the nature of medical bills in the past and may need additional medical care in the future, as well as past wage loss and the potential for future wage loss, to her great detriment and loss.

56.   As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Ms. Wynder suffered a loss of life's pleasures and the loss of the ability to enjoy life, was/is unable to engage in her usual and customary daily activities and avocations, loss of function in her left arm, elbow and knee, as well as humiliation and scarring from the surgery, to her great detriment and loss.

WHEREFORE Plaintiff demands judgment in her favor and against Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages, attorney fees, and any other relief to which Plaintiffs are entitled under the law.

## COUNT III

### THERESA WYNDER v. JOHN DOE DEFENDANTS 1-50

57.   The preceding paragraphs are incorporated by reference as if fully set forth herein.

58.   The negligence, carelessness, and/or recklessness of Defendants, individually and by and through their duly authorized agents, servants, employees, owners, officers and/or workmen, includes the following:

Case ID: 24020219

a. Failure to exercise reasonable care;

b. Failure to properly inspect the premises;

c. Failing to remove the liquid on the floor;

d. Maintaining a dangerous condition;

e. Causing injury to Ms. Wynder;

f. Failing to put out mats;

g. Failing to recognize a hazardous condition;

h. Failing to put out appropriate signage;

i. Failing to retain only competent personnel;

j. Failing to maintain sufficient manpower to appropriately oversee the premises.

k. Creating a defective condition;

l. Failing to appropriately maintain the premises;

m. Failing to comply with any and all applicable rules, guidelines and/or regulations pertaining to maintenance of the premises;

n. Permitting a hazardous condition to exist;

o. Failing to properly monitor the premises;

p. Failing to cordon off and/or block the hazardous condition;

q. Failing to advise appropriate personnel that the premises was defective;

r. Failing to have policies and/or procedures in place that would ensure the walking surface where Ms. Wynder fell was safe for pedestrians;

s. Failing to comply with the policies and/or procedures in place that would have ensured the walking surface where Ms. Wynder fell was safe for pedestrians;

t. Failing to maintain a safe walking surface in compliance with the standards set forth in the ASTM;

u.      Failing to warn pedestrians including Ms. Wynder about the hazardous
        walking surface/walking area; and

v.      Failing to comply with state and federal laws regarding safe walkways
        including, but not limited to, the Americans with Disabilities Act.

55.     As a direct and proximate result of the negligence, carelessness, and/or recklessness
        of Defendants, Ms. Wynder suffered injuries that include but not limited to, pain,
        suffering, emotional distress, a full thickness tear of the left supraspinatus, a torn
        left medial meniscus, radiculopathy, nerve damage, injury to her left elbow, a total
        left knee arthroplasty, the inability to ambulate properly, scarring, embarrassment
        and humiliation, some or all of which may be permanent in nature, to her great
        detriment and loss.

56.     As a direct and proximate result of the negligence, carelessness, and/or recklessness
        of Defendants, Ms. Wynder underwent painful medical care including surgery,
        extensive physical therapy and may need surgery in the future, to her great detriment
        and loss.

57.     As a direct and proximate result of the negligence, carelessness, and/or recklessness
        of Defendants, Ms. Wynder suffered economic losses in the nature of medical bills
        in the past and may need additional medical care in the future, as well as past wage
        loss and the potential for future wage loss, to her great detriment and loss.

58.     As a direct and proximate result of the negligence, carelessness, and/or recklessness
        of Defendants, Ms. Wynder suffered a loss of life's pleasures and the loss of the
        ability to enjoy life, was/is unable to engage in her usual and customary daily

activities and avocations, loss of function in her left arm, elbow and knee, as well as humiliation and scarring from the surgery, to her great detriment and loss.

WHEREFORE Plaintiff demands judgment in her favor and against Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages, attorney fees, and any other relief to which Plaintiffs are entitled under the law.

Respectfully submitted,

SMITH MIRABELLA BLAKE

BY: */s/ Gregory A. Smith*
_____
GREGORY A. SMITH, ESQUIRE
KEVIN M. BLAKE, ESQUIRE
Attorneys for Plaintiff

DATE: February 20, 2024

Case ID: 24020219

## VERIFICATION

I, Theresa Wynder, hereby verify that I am the Plaintiff in this matter, and that the facts set forth in this Complaint are true and correct to my knowledge, information, and belief. I understand that this Verification is subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_Theresa Wynder_
THERESA WYNDER

DATE: 2/19/24